## STATE *vs.* MATTHEW DONAHOE.

Where on the trial of a complaint in a district court for unlawfully keeping intoxicating liquors for sale the court, without hearing evidence in support of the charge, convicted and sentenced the defendant upon his plea of not guilty, and upon his admission of sufficient evidence to convict, the proceeding, though irregular, is not so far voidable that the defendant can take advantage of the irregularity in the Common Pleas Division of the Supreme Court to which he has carried the case by appeal.

The regular mode of procedure in criminal cases within the jurisdiction of a district court to try and determine, is for the complainant to produce evidence in support of the charge and for the court to pass upon its sufficiency, except where a plea of guilty is entered, there being no such thing known to the law as a waiver of examination in such cases.

MOTION to dismiss a criminal complaint. Certified from the Common Pleas Division.

*April* 23, 1896. TILLINGHAST, J. This complaint charges the defendant with the offence of unlawfully keeping intoxicating liquors for sale in the town of South Kingstown. The record upon which the case is submitted to us shows that the defendant was arraigned before the District Court of the

Second Judicial District on the 20th day of November, 1894, and pleaded not guilty, and that the case was continued from time to time until December 3, 1894, when, without further plea, and without withdrawing said plea of not guilty, the defendant "admitted evidence sufficient to convict," whereupon said court, without hearing any evidence, adjudged the defendant guilty and sentenced him to be imprisoned in the Washington county jail for ten days, and to pay a fine of twenty dollars and costs; that from this sentence the defendant appealed to the Common Pleas Division of the Supreme Court at its January Session, 1895, in the county of Washinton, and duly recognized with satisfactory surety to prosecute said appeal with effect; that thereafterwards the case was duly entered in the Common Pleas Division in said county, whereupon the defendant filed a motion to dismiss on the ground that said District Court had no authority to adjudge him guilty and sentence him as aforesaid, upon his plea of not guilty and his admission of sufficient evidence to convict, as aforesaid, in said District Court, without first hearing evidence and receiving testimony in said case; which motion has been duly certified to the Appellate Division for its decision thereon.

We think the motion must be denied. The proceeding in the District Court of which the defendant now complains was of his own seeking, and evidently for his accommodation, and, although irregular and not to be approved, yet had the effect, we think, taken in connection with his appeal, to remove the case to the Common Pleas Division, which now unquestionably has jurisdiction thereof. Gen. Laws R. I. cap. 102, § 40; also cap. 249, § 1. In other words, it appears that the case was one which the District Court had jurisdiction to try and determine; that it was properly brought in that court; that the defendant practically submitted to judgment therein, thereby waiving his right to require the complainant to produce evidence of his guilt; that upon judgment being passed upon him for his offence he regularly took an appeal therefrom to the Common Pleas Division, thus vacating such judgment and removing the

case to the appellate court. And it certainly does not now lie in his mouth to object that said proceeding was invalid. Of course the regular mode of procedure in criminal cases, which are within the jurisdiction of a district court to try and determine, is for the complainant to produce evidence in support of the charge and for the court to pass upon the sufficiency thereof, except in cases where a plea of guilty is entered, there being no such thing known to the law as a waiver of examination in such cases. But we cannot say that a judgment rendered in the circumstances above set out, and on appeal duly taken therefrom, is so far voidable as to enable the defendant to take advantage thereof in the appellate court. The fault was not one of substance, and did not go to the merits of the case but merely to the regularity of the proceedings, and, as before stated, was occasioned at the instance, and for the benefit of the defendant himself ; and to permit him now to take advantage thereof would be a clear perversion of justice.

The motion is denied and dismissed, and the case remitted to the Common Pleas Division for further proceedings.

*Edward C. Dubois*, Attorney General, for the State.

*Benjamin W. Case & Albert B. Crafts*, for defendant.